**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARMEN CASSANDRA HAWTHORNE,

    Plaintiff,

v.                                                                                        CV 13-1030 WPL

CAROLYN W. COLVIN, *Commissioner*
*of the Social Security Administration*,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

Carmen Hawthorne filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 31.) The Social Security Administration ("SSA") filed a response, but takes no position on this motion as it is not the true party in interest. (Doc. 32); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Hawthorne filed a reply clarifying the amount of fees requested under § 406(b). For the reasons explained below, I grant Hawthorne's motion.

**BACKGROUND**

Hawthorne filed a claim for supplemental security income and disability insurance benefits. After her claim was denied at all administrative levels, she brought an action for judicial review, represented by the Martone Law Firm, P.A. Concluding that the administrative law judge ("ALJ") committed legal error, I remanded the matter to the SSA for a rehearing. Hawthorne then filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA") (Doc. 28), which the SSA subsequently did not oppose (Doc. 29). I granted the motion and awarded $2,452.60 in attorney fees (Doc. 30), of which the Martone Law Firm received

$120.96 after the United States Department of the Treasury intercepted $2,331.64 for a student loan debt of Hawthorne's (Doc. 31 at 2).

On remand, the ALJ issued a fully favorable decision dated December 1, 2015, finding that Hawthorne has been disabled since August 1, 2008. (Doc. 31-1 at 14.) A Notice of Award was subsequently sent to Hawthorne on March 14, 2016, stating that the SSA had withheld $16,052.25 to cover Hawthorne's attorneys' fees and that the agency "usually withhold[s] 25 percent of past due benefits" for this purpose. (Doc. 31-2 at 3.)

On October 3, 2016, the Martone Law Firm filed the instant motion seeking attorneys' fees pursuant to 42 U.S.C. § 406(b). Noting that counsel was awarded $10,000.00 in fees for work performed before the SSA, the firm now seeks $6,052.25 under § 406(b) for services rendered in the United States District Court. (Doc. 31 at 1.) The Martone Law Firm also propose to retain the $120.96 of the EAJA fee as partial reimbursement of the sales tax and the costs advanced for copies of medical records.

## LEGAL STANDARDS

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Fees awarded for representation before the United States District Court are not necessarily limited by the amount of fees awarded by the Commissioner for representation before the SSA. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately

determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.* Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## REASONABLENESS DETERMINATION

The $6,052.25 sought by the Martone Law Firm represents 9.43% of the total past-due benefits as described in the Notice of Award, and thus it does not exceed the statutory cap. The firm's fee agreement with Hawthorne entitles it to no more than 25% of all past-due benefits. (Doc. 31-3 at 1.) The sum of the $10,000.00 fee the Martone Law Firm collected under § 406(a) for representation before the SSA and the amount sought here totals 25% of the past-due benefits.

Gary Martone asserts that neither he nor his law firm performs hourly work (Doc. 31-5 at 2), but notes that a total of 13.35 hours of attorney time were spent on representing Hawthorne before this Court (*id.* at 3). The fee requested under § 406(b) thus amounts to approximately $453.35 per hour, which is within the range of fees approved in this District in the past. *See, e.g.*, *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175-76 (D.N.M. 2005). The affidavit also discusses the Martone Law Firm's extensive experience and expertise in social security work.

I recognize the inherent risk that this and other firms take when regularly representing social security claimants on a contingency basis. *See Faircloth*, 398 F. Supp. 2d at 1173 (citation omitted) (noting that perhaps 35% of claimants appearing at the federal court level will obtain benefits). Courts are generally more inclined to accept even "an amount that would seem untenable in an hourly rate arena" when accounting for such risk of loss. *See id.* at 1174.

Importantly, I see no evidence delay in these proceedings. Approximately twelve months passed between the time that Hawthorne filed her complaint in this Court and the time that I

remanded the case to the SSA. During that time, the Martone Law Firm did not request any extensions on Hawthorne's behalf.

Finally, I recognize that the past-due benefits award of $64,209.00 seems at first glance to be somewhat large considering the time invested in this case. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). That said, a court should not "penalize [a claimant]'s attorneys for representing their client more efficiently than a less experienced attorney might." *Faircloth*, 398 F. Supp. 2d at 1174. Having reviewed several recent awards of attorneys' fees under § 406(b), I find that the fee award requested here is not so outside the norm as to be unreasonable. *See Feldbusch v. Astrue*, No. CV 10-1081 MV/KBM, Doc. 32 (D.N.M. Feb. 7, 2014) (awarding $8,604.50 in § 406(b) attorneys' fees for 20.4 hours of work yielding approximately $74,418 in past-due benefits); *Marlin v. Astrue*, No. CV 10-0049 DJS, Doc. 27 (D.N.M. May 31, 2011) (awarding $9000.00 in § 406(b) attorneys' fees for 20.4 hours of work yielding $81,475 in past-due benefits).

Having considered the above factors, I conclude that the request for attorneys' fees is reasonable. I further note that the motion was filed approximately seven months after Hawthorne received her Notice of Award, a time frame that I also find to be reasonable.

As to the Martone Law Firm's request to retain the $120.96 of the EAJA fee, this request is granted. Pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), counsel must refund the EAJA award—minus sales tax and advanced costs—if the award under § 406(b) is larger. Under the circumstances, the Martone Law Firm has proffered that the EAJA award received does not cover the sales tax and advanced costs. Accordingly, the Martone Law Firm

may use the entire EAJA award of $120.96 to cover these costs, with Hawthorne owing the balance as required under the fee agreement.

## CONCLUSION

For the foregoing reasons, the motion for attorneys' fees in the amount of $6,052.25 pursuant to 42 U.S.C. § 406(b) is GRANTED. Pursuant to *Weakley*, the Martone Law Firm may retain the $120.96 EAJA award as partial payment for sales tax and advanced costs.

IT IS SO ORDERED.

／s／ William P. Lynch
William P. Lynch
United States Magistrate Judge